UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GSD CONSTRUCTION SERVICES,
LLC a/a/o GILMAN CONANT,

    Plaintiff,

v.                                            Case No. 2:19-cv-00846-FtM-60NPM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint," filed on December 4, 2019. (Doc. # 9). Plaintiff filed its response in opposition on December 18, 2019. (Doc. # 14). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[1]

At all relevant times, Gilman Conant had insurance coverage pursuant to a property insurance policy with Defendant Lexington Insurance Company. (Doc. # 3). On or about September 10, 2017, the insured property sustained damage from Hurricane Irma. (*Id.*). Following the loss, Conant filed a claim with Defendant. (*Id.*).

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Subsequently, Conant assigned all rights, titles and interests under his insurance policy to GSD Construction Services, LLC ("GSD"). The assignment of benefits states:

> [Conant] and [GSD] for and in consideration for performing the work pursuant to the contract executed by [Conant] and [GSD], as well as any change orders executed thereafter, and for other good and valuable consideration, the receipt and sufficiency of whereof is hereby mutually acknowledge and intending to be legally bound, hereby transfer, assign and set over onto [GSD], all of the right, title and interest of [Conant] in and to those certain insurance claim(s) made by [Conant].

(Doc. # 3-2).

Prior to the filing of this action, GSD sent Defendant an itemized description of the services required to return Conant's property to its pre-loss condition in the amount of $198,126.86. While Defendant accepted coverage for the claim, it did not pay the total amount for the estimated damages. (Doc. # 3). On October 17, 2019, GSD filed a one-count complaint for breach of contract in state court. Defendant removed the case to this Court on November 27, 2019.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

In its motion to dismiss, Defendant contends that GSD lacks standing because it failed to attach a copy of the contract underlying the assignment of benefits. However, when asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint. *See, e.g.*, *Yencarelli v. USAA Casualty Co.*, Case No. 8:17-cv-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017) ("It is adequate for Plaintiff to allege that a contract exists, without attaching the contract to the complaint in federal court."); *TaiDoc Technology Corp. v. Pharma Supply, Inc.*, Case No. 13-80682-CIV-RYSKAMP/HOPKINS, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013) ("The Federal Rules of Civil Procedure do not require the attachment of the contract sued upon."); *Manicini Enterprises, Inc. v. American Exp. Co.,* 236 F.R.D. 695, 698 (S.D. Fla. 2006) (holding that the plaintiff's failure to attach

purported written contracts to complaint did not warrant dismissal for failure to state a claim). As such, GSD is not required to attach a copy of the written contract to support its breach of contract claim.

To the extent that Defendant argues the assignment of benefits is invalid because it is not supported by adequate consideration, the Court finds such argument unavailing. Initially, the Court notes that it is unclear whether Defendant can challenge the assignment of rights based on this theory. *See Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1289 (Fla. 2d DCA 2005) (Davis, J., concurring) (citing *McCampbell v. Aloma Nat. Bank of Winter Park*, 185 So. 2d 756, 758 (Fla. 1st DCA 1966)). Regardless, it is improper to determine whether a contract is supported by adequate consideration at the motion to dismiss stage. *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1237 (S.D. Fla. 2015) (explaining that the issue of consideration is a question of fact that cannot be resolved at the motion to dismiss stage); *Skinner Nurseries, Inc. v. Etters*, 2007 WL 9718986, at *2 (M.D. Fla. Nov. 7, 2007) (concluding that issue concerning whether the contract was supported by adequate consideration was not ripe for decision at the motion to dismiss stage).

Lastly, Defendant contends that the assignment of benefits does not give GSD the authority to sue where it conveys "all of the right, title and interest of [Conant] in and to those certain insurance claim(s)." (Doc. # 1-2). However, in Florida, following a loss, an assignee of insurance benefits has a common-law right to sue on a breach of contract claim. *See CMR Construction and Roofing, LLC v.*

*Empire Indemnity Insurance Company*, No. 2:18-cv-00779-FtM-99UAM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019); *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55, 57 (Fla. 2000) ("The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution."). Moreover, the assignment in question confers all rights, titles, and interest. The Court does not subscribe to a technical theory requiring that the assignment include specific language or magic words to signal that the right to sue is included in the assignment. *See, e.g. Erika, Inc. v. Blue Cross and Blue Shield of Ala.*, 496 F. Supp. 786, 789 (N.D. Ala. 1980) (declining to "subscribe to a technical theory requiring the use of specific words to create a valid assignment"). As a result, the Court finds that the assignment conferred upon GSD the right to sue Defendant for breach of contract. Consequently, the motion is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. # 9) is **DENIED**.
2. Defendant is directed to file an answer on or before February 7, 2020.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida this 17th day of January, 2020.

                              **TOM BARBER**
                              **UNITED STATES DISTRICT JUDGE**